IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMMY L. KAUHI,

        Plaintiff,

vs.                                    Case No. 07-1372-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

    Plaintiff Tammy L. Kauhi has applied for Social Security disability benefits. Her application was denied by the ALJ on June 8, 2007, a decision affirmed by the Appeals Council on September 19, 2007. Kauhi makes two claims: 1) the ALJ erred in finding that she was not disabled due to her mental impairment, and 2) that the ALJ applied the wrong legal standard in discounting the weight of certain evidence.

    Plaintiff-claimant Kauhi was born in 1958. She has stated that she became disabled beginning November 1, 2003 due to a variety of ailments, including hearing loss, bipolar disorder, post-traumatic stress disorder (PTSD), obesity, and obsessive compulsive disorder (OCD). She has a ninth-grade education, and has worked in sales and marketing. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 15-22), and in the briefs of Kauhi (Dkt. No. 9, at 2-5), and the Commissioner (Dkt. No. 14, at 2-8).

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: she must show whether she is engaged in substantial gainful activity, she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court

with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

The ALJ found that Kauhi was severely impaired due to attention deficit hyperactivity disorder, bipolar disorder, and PTSD. (Tr. 15). These impairments, the ALJ determined at step two, did not "impose more than mild to moderate limitations in the claimant's mental functioning." (*Id*. at 16). In the present appeal, Kauhi first agues that the ALJ erred in finding that her mental impairments imposed were only a mild limitation on her mental functioning. She argues that the ALJ erred in failing to cite specific evidence supporting his conclusion, and that the ALJ's ultimate decision is not supported by substantial evidence.

Here, the ALJ noted that as to Kauhi's mental condition

> the record indicates treatment initiated in November 2005 with improvement at the date last insured on March 31, 2006. The record indicates that the claimant's thought process and organization was improved with medication. Although the record indicates some fluctuation of mood after the date last insured, the evidence on and before the date last insured does not reflect significant limitations. Her self-reported activities of daily living indicate independent self-care, performance of childcare, light housekeeping tasks, driving, pursuit of interests and daily socializing. The claimant had mild restrictions in daily activities and social functioning with moderate difficulties in maintaining concentration, persistence or pace and no evidence of extended episodes of decompensation.

(Tr. 16). This conclusion was "[b]ased on the totality of the evidence." (*Id*.)

The court finds the ALJ did not err at step two. The ALJ reviewed the totality of the evidence and concluded that Kauhi had only mild restrictions on her daily living, her ability to concentrate, and her social functioning. The ALJ accordingly determined that the claimant could perform work with "only moderate exposure to ... any significant interaction with the general public but able to understand, remember, and carry-out simple instructions consistent with unskilled work." (*Id*.)

While Kauhi stresses (Pl. Reply, at 2) that some of the evidence suggests Kauhi's husband performs most of the daily housework, there is also evidence in the record from which the ALJ could reasonably infer that Kauhi undertook substantial activity in her daily life. Kauhi told one medical source that she "cleans her house excessively." (Tr. 213). Kauhi testified (Tr. 345) at the hearing that "on a typical day" she will do the dishes and pick up after the children. (Kauhi lives with her daughter and four grandchildren). She also spends a half hour folding clothes, and has no problems in doing so. (*Id.*)

As plaintiff points out, her medication was increased during the relevant time frame, and in the notes from March 3, 2006 show a decline in her GAF score. (TR. 207). However, the general conclusion of the ALJ, that Kauhi's general mental functioning improved, is supported by substantial evidence. GAF scores provide only indirect and limited support for gauging the severity of an impairment. *See Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002). In the Progress Note from April 21, 2006, Kauhi reported that with the increased medication she had "increased focus, [and was] feeling calmer, sleeping well at night, and noticed that she's able to tolerate frustrations better." (Tr. 203). Rather than selectively focusing on only certain evidence, as suggested by the plaintiff, the ALJ's opinion constitutes a legitimate synthesis of conflicting evidence.

Kauhi next argues that, when the ALJ declined to consider two medical source statements (from September, 2006 and April, 2007), he applied an incorrect legal standard. Plaintiff contends these statements, which were rendered after the date she was last insured (March 31, 2006), should nonetheless have been considered by the ALJ. Plaintiff correctly notes that such evidence from the

period after insured status has lapsed may still be probative to show the existence of a disability at an earlier time. *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987).

However, the ALJ did not summarily reject the additional statements merely because of their date, but explicitly reviewed and discussed their contents. (Tr. 18-19). The ALJ's opinion establishes that these statements were found to be of limited relevance because they showed a substantial change in the claimant's condition after the date last insured. (Tr. 19). The medical records at the date Kauhi was last insured (Tr. 210, 212, 216) showed "documented improvement." (Tr. 19). The court finds no error in the ALJ's opinion.

IT IS ACCORDINGLY ORDERED this 18th day of March, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE